UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michaela S. H.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:24-cv-2020

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Michaela H. ("Plaintiff") applied for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income Benefits in February 2022. ECF No. 7-5 at PAGEID ## 272–85. Her claim was denied initially and on reconsideration. ECF No. 7-4 at PAGEID ## 164–73, 183–97. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who ultimately denied benefits. ECF No. 7-2 at PAGEID ## 40–52. The Appeals Council denied Plaintiff's appeal, *id.* at PAGEID ## 24–26, and Plaintiff thereafter filed her claim in this Court, ECF No. 1. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's denial of benefits. ECF No. 11. Plaintiff objects. ECF No. 12.

### I.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

Plaintiff argues that the ALJ failed to account for all of Dr. Maria Moreno's opined limitations in the ALJ's residual functional capacity ("RFC") assessment.

While acknowledging that the ALJ did not specifically discuss each of Dr. Moreno's opinions, the R&R concluded, in part, that the RFC "largely incorporates Dr. Moreno's opinions that were not expressly discussed[.]" The R&R demonstrates the incorporation with a chart:

| Dr. Moreno's opined "seriously limited" abilities and aptitudes (Tr. 1361-62) | RFC (Tr. 22-23) |
|---|---|
| Work in coordination with or proximity to others without being unduly distracted | No interaction with the general public and occasional interaction with co-workers and supervisors such that she is capable of working with things rather than with people. |
| Accept instructions and respond appropriately to criticism from supervisors | No interaction with the general public and occasional interaction with co-workers and supervisors such that she is capable of working with things rather than with people. |
| Get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes | No interaction with the general public and occasional interaction with co-workers and supervisors such that she is capable of working with things rather than with people. |
| Respond appropriately to changes in a routine work setting | The claimant is limited to occasional changes in the work setting. |
| Deal with normal work stress | The claimant is capable of performing simple, routine and repetitive tasks in a low stress job defined as having only simple decision making. |
| Deal with stress of semiskilled and skilled work | The claimant is capable of performing simple, routine and repetitive tasks in a low stress job defined as having only simple decision making. |

R&R 11–12, ECF No. 11.[1] The R&R then concluded that the ALJ had no duty to expressly discuss any of Dr. Moreno's opinions that the ALJ incorporated into the RFC. *Id.* at 12 (citation omitted).

On objection, Plaintiff challenges the R&R's recommendation with respect to only three of Dr. Moreno's six opinions above. She denies that the ALJ adequately incorporated into the RFC Dr. Moreno's opinions that Plaintiff was seriously limited in her ability to: (1) deal with normal work stress, (2) work in coordination with or proximity to others without being unduly distracted, and (3) accept instructions and respond appropriately to criticism from supervisors. Obj. 2–3, ECF No. 12.

Plaintiff first disputes the conclusion that the ALJ accounted for Dr. Moreno's opinion that Plaintiff was seriously limited in her ability to deal with normal work stress. Obj. 2–3, ECF No. 12. She contends that the ALJ attempted to account for this limitation by limiting Plaintiff to both "simple, routine, and repetitive tasks" and "a low stress job" but argues those limitations are insufficient because the ALJ defined "low stress job" as a job requiring only simple decision making. *Id.* at 2. Plaintiff argues that Dr. Moreno never equated Plaintiff's inability to deal with work stress with a job's decision-making requirements. *Id.* Indeed, she continues, Dr. Moreno opined

---

[1] The R&R recognizes that Dr. Moreno did, however, offer two opinions that are inconsistent with the ALJ's RFC: (1) Plaintiff is seriously limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and (2) Plaintiff is seriously limited in the ability to make simple work-related decisions. *Id.* at 13. Ultimately, the R&R recommends finding that opinion (1) is closely related to Dr. Moreno's properly rejected opinion on absenteeism and that the ALJ properly explained her decision to exclude opinion (2). *Id.* at 13–17. Plaintiff did not object to this aspect of the R&R and has therefore waived the right to *de novo* review of this portion of the R&R as well as the right to appeal the Court's adoption of this aspect of the R&R.

*separately* on Plaintiff's ability to make decisions, which must therefore mean that work stress and decision making are unrelated. *Id.*

Plaintiff next challenges the notion that the ALJ accounted for Dr. Moreno's opinions that Plaintiff was seriously limited in her capacity to work in coordination with or proximity to others without being distracted and her ability to accept instructions and respond appropriately to criticism from supervisors. Obj. 3, ECF No. 12. She contends that the ALJ attempted to account for these limitations by precluding interactions with the general public, permitting only occasional interaction with co-workers and supervisors, and stating that Plaintiff is "capable of working with things rather than with people." *Id.* But, she argues, these RFC limitations do not account for Plaintiff's inability to be "proximate" to others without being distracted or her inability to deal with criticism from supervisors. *Id.*

Plaintiffs' objections are all overruled. As discussed below, Plaintiff has failed to show how the ALJ's RFC conflicts with Dr. Moreno's unexplained opinions. To the extent there is a conflict, the ALJ sufficiently explains it.

This Court reviews whether substantial evidence supports the ALJ's RFC. *Wilds v. Comm'r of Soc. Sec.*, No. 24-5504, 2025 WL 1001806, at *3 (6th Cir. Mar. 31, 2025) (citation omitted). An ALJ's decision is not supported by substantial evidence if the ALJ failed to follow the Social Security Administration's own rules and regulations. *Id.* (citation omitted). One such agency rule requires "[t]he RFC assessment" to "always consider and address medical source opinions." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL

374184, at *7 (July 2, 1996); *Wilds*, 2025 WL 1001806, at *3 (citation omitted). Here, the ALJ considered and addressed Dr. Moreno's opinions. ECF No. 7-2 at PAGEID # 50. Thus, whether the ALJ's RFC determination is supported by substantial evidence depends on whether the RFC "conflicted" with Dr. Moreno's three opinions and, if so, whether the ALJ explained all such conflicts.

First, Plaintiff fails to show the RFC conflicts with Dr. Moreno's opinion that Plaintiff is seriously limited in her ability to "deal with normal work stress." ECF No. 7-10 at PAGEID # 1392. As Plaintiff concedes, the ALJ's RFC accounted for work stress by limiting Plaintiff to "performing simple, routine and repetitive tasks in a low stress job defined as having only simple decision making." Obj., ECF No. 12 at PAGEID # 1590. But the ALJ also accounted for work stress by limiting Plaintiff to only "occasional changes in the work setting," no interaction with the general public, and only occasional interaction with co-workers and supervisors. ECF No. 7-2 at PAGEID ## 45–46.

Plaintiff fails to show how these combined limitations conflict with Dr. Moreno's opinion on stress other than by arguing conclusorily that, because Dr. Moreno's opinions for stress and decision making were listed as different line items, any accommodation of the decision-making limitation cannot also suffice to accommodate the stress limitation. ECF No. 12 at PAGEID ## 1590–91.

But although Dr. Moreno opined on Plaintiff's ability to handle stress, and although that opinion was separate from her other opinions, Dr. Moreno failed to explain her stress opinion, its contours, or its relationship to other opinions. The opinion paperwork specifically directed Dr. Moreno to "[e]xplain limitations falling in the three

most limited categories . . . [,]" yet she left the explanation portion blank. ECF No. 7-10 at PAGEID # 1392.

The only portion of the opinion that could explain why Plaintiff's inability to deal with normal work stress is not coextensive with the more specific limitations is found on page two, where Dr. Moreno repeats Plaintiff's subjective complaints that she "becomes very stressed out, anxious, and moody" and "has difficulty coping with work stressors[.]" *Id.* at PAGEID # 1393.

But the ALJ found Dr. Moreno's opinions only partially persuasive, noting the opinions that relied on Plaintiff's subjective reports that she "becomes 'moody and not able to function when in a work setting'" were not fully persuasive because they were based on Plaintiff's subjective complaints. ECF No. 7-2 at PAGEID # 50 (quoting ECF No. 7-10 at PAGEID # 1393)); *id.* at PAGEID # 47 (noting no mood swings after treatment). And the ALJ concluded that Plaintiff's exacerbations were caused by situational stressors "such as the loss of her grandfather and issues with her significant other[,]" ultimately finding Plaintiff's "symptoms are fairly controlled" with treatment and medication. *Id.* at PAGEID ## 48–49.

In sum, the ALJ adopted various RFC limitations that minimize work stress. Plaintiff fails to show how the combination of limitations conflicts with Dr. Moreno's unexplained opinion. But to the extent that the combination of limitations does conflict with Dr. Moreno's opinion, the ALJ explained the conflict by showing that Dr. Moreno's opinion on stress was based on Plaintiff's subjective complaints, which the ALJ did not credit because it conflicted with the record.

Second, Plaintiff fails to show that a total ban on interaction with the general public, occasional interaction with co-workers and supervisors, and a capability to work with "things rather than with people" conflicts with Dr. Moreno's opinion that Plaintiff is seriously limited in her ability to work in proximity to others without being distracted or her ability to respond appropriately to criticism from supervisors.

Again, Dr. Moreno failed to explain the contours of either of those opinions, so whether there is a conflict is unclear.  Moreover, to the extent the RFC does conflict, the ALJ explained that Plaintiff has only moderate limitations on her ability to interact with others and maintain normal attention and concentration.  ECF No. 7-2 at PAGEID # 45.  Specifically, the ALJ noted that Plaintiff was "cooperative throughout the record and at the hearing," her mental status examinations "showed intact attention and concentration[,]" and Plaintiff reported she spends time with others at least four days per week.  *Id.* at PAGEID ## 45–46.  Again, the ALJ noted that Plaintiff's conditions were exacerbated "at times," warranting some limitation on interactions with others, but the ALJ also noted that Plaintiff was always "discharged in improved condition with medication and treatment.  Subsequent mental status examinations showed that [Plaintiff] was stable and she had normal mental status examinations."  *Id.* at PAGEID ## 48, 51; *id.* at PAGEID # 50 ("[T]he updated record . . . shows largely normal mental status examinations due to medication and treatment compliance that would support at most moderate mental health limitations.").

Because the RFC either does not conflict with the three opinions Plaintiff singles out, or because the ALJ adequately explained any conflict by rejecting Plaintiff's

subjective complaints and referencing Plaintiff's ability to cooperate with others and maintain concentration and attention, the RFC is supported by substantial evidence.

The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's objections, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT